104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Holmer P. GRONAGER and Katherine L. Gronager, Petitioners-Appellants,
v.
GILMORE SECURITIES & CO., Respondent-Appellee.
 No. 96-7706.
 United States Court of Appeals, Second Circuit.
 Dec. 9, 1996.
 
 Appeal from the United States District Court for the Southern District of New York (Lawrence M. McKenna, Judge).
 APPEARING FOR APPELLANTS: Holmer P. Gronager, Katherine L. Gronager, pro se, Fernandina, FL.
 APPEARING FOR APPELLEE: David B. Newman, Cooperman Levitt Winikoff Lester & Newman, New York, N.Y.; Avrom J. Gold, Mandelbaum, Salsburg, Gold, Lazris, Discenza & Steinberg, West Orange, N.J.
 S.D.N.Y.
 AFFIRMED.
 PRESENT: NEWMAN, Chief Judge. WINTER, and WALKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Holmer Gronager and Katherine Gotch-Gronager ("Katherine") appeal pro se from the April 29, 1996, judgment of the District Court, refusing to vacate an arbitration award and confirming the award in part to appellee Gilmore Securities & Co. ("Gilmore") and in part to Katherine. The arbitration was initiated by Gilmore pursuant to NASD arbitration requirements.
 
 
 4
 Appellants challenge the award because there was only one arbitrator, rather than three, and because the arbitrator did not take an oath. These objections have been waived for lack of assertion at the arbitration proceeding, which was held over a period of four months. The fact of a sole arbitrator was evident at the proceedings, as was the lack of an oath (if in fact it was not taken). Though appellants claim not to have been aware of procedural defects, they signed a submission agreement stating that they had "read the procedures and rules of the sponsoring organization relating to arbitration."
 
 
 5
 Moreover, the alleged defects do not demonstrate the sort of manifest disregard of law as would warrant setting the award aside. See Carte Blanche Pte., Ltd. v. Carte Blanche Int'l, Ltd., 888 F.2d 260, 264 (2d Cir.1989). Finally, Katherine has forfeited whatever challenge she might have had by successfully moving to confirm the portion of the award in her favor.